**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2406
_____

COLIN M. BRANCA,
                            Appellant

v.

TARGET CORP.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-04459)
District Judge:  Honorable Timothy J. Savage
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 28, 2025
Before:  SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, Circuit Judges

(Opinion filed: January 31, 2025)
_____

OPINION[*]
_____

PER CURIAM

    Colin Branca appeals pro se from the District Court's order granting summary

judgment in favor of Target Corporation ("Target").  We will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Branca is a model whose photo was displayed in Target stores throughout the country. He signed a contract with Target in 2018, which the parties renewed in 2019 and 2022. At issue here, the 2022 contract retroactively extended the term for 18 months, from October 21, 2021, to April 21, 2023. The contract grants "Licensed Parties," including Target, the right to use Branca's image in marketing materials, and provides, in the "For Models" clause:

> Any materials placed during the Term which may remain on display or in circulation following the expiration of the Term shall not give rise to a claim against the Licensed Parties, provided however, that the Licensed Parties shall not place any additional materials produced hereunder in any media (other than as permitted herein) following the expiration of the Term.

S.A. at 4.

The undisputed facts show that Target utilizes a planogram to manage its display of merchandise and images, that each planogram has a "set date" for placing advertising images on display, and that employees are directed to start displaying an image on its set date. The set date for Branca's image at issue here was March 5, 2023. In September 2023, Branca saw his image on display in a Target store, and his attorney sent Target a letter asserting that his image was being used improperly because the contract term had expired on April 21, 2023. In October 2023, Target management responded by sending an email that directed its stores to confirm that Branca's image was not being set on displays.

In November 2023, Branca filed a counseled complaint in the District Court. In his amended complaint, Branca alleged that Target's display of his image after the 2022 contract term had expired constituted the unauthorized use of his image. Branca raised claims under 42 Pa. C.S.A. § 8316 (Unauthorized Use of Name or Likeness), under 15 U.S.C. § 1125 (false endorsement under the Lanham Act),[1] and under the laws governing the right of publicity and right to privacy in states throughout the country and the District of Columbia. After discovery, Target moved for summary judgment.

The District Court determined that there was no evidence that Branca's image was placed on display after April 21, 2023, and that the clear and unambiguous language of the contract gave Target the right to continue displaying images of Branca placed before that date. Thus, the District Court granted summary judgment in favor of Target. Branca, proceeding pro se, filed this timely appeal.

## II.

We have jurisdiction under 28 U.S.C. § 1291. "We exercise plenary review over a district court's order of summary judgment." Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party, the court concludes that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Kaucher, 455 F.3d at 422–23.

---

[1] Branca withdrew this claim in his summary judgment briefing.

3

III.

For each cause of action asserted by Branca, he was required to establish that Target used his image without his consent.  See, e.g., 42 Pa. Cons. Stat. § 8316 (providing a cause of action for any "person whose name or likeness has commercial value and is used for any commercial or advertising purpose without [his] written consent").  There is no dispute that Branca consented to Target's use of his image through the end of the contract term on April 21, 2023.  And there is no evidence in the record that Target placed Branca's image on display after April 21, 2023.[2]  Thus, the only issue here is whether Branca gave his consent for his image, placed on display by Target before April 21, 2023, to remain on display after that date.

Again, the relevant contract provision provides:

> Any materials placed during the Term which may remain on display or in circulation following the expiration of the Term shall not give rise to a claim against the Licensed Parties, provided however, that the Licensed Parties shall not place any additional materials produced hereunder in any media (other than as permitted herein) following the expiration of the Term.

---

[2] In the District Court proceedings, Branca asserted that there was evidence of images being "placed" on display after April 21, 2023.  But this was based on his arguments that an image is only on display when it is in "'open view' of actual sighted humans," that it ceases to be on display when it is in a "dark, locked store" overnight, and that the image is "placed" on display again when the store reopens to the public the following day.  S.A. at 98.  Branca has forfeited these arguments by failing to raise them in his brief.  See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that any issue that an appellant fails to develop in an opening brief is forfeited).  In any event, we agree with the District Court that these arguments are meritless.  Consol. Rail Corp. v. ACE Prop. & Cas. Ins. Co., 182 A.3d 1011, 1026 (Pa. Super. Ct. 2018) ("No ambiguity exists if after close review, it appears that only a lawyer's ingenuity has made the language uncertain.").

4

S.A. at 4.[3]  We agree with the District Court's analysis and its conclusion that this provision clearly and unambiguously provided Branca's consent for his image, when placed on display during the contract term, to remain on display following the expiration of the contract term.  See generally Commonwealth by Shapiro v. UPMC, 208 A.3d 898, 909 (Pa. 2019) ("If the contractual terms are clear and unambiguous on their face, then such terms are deemed to be the best reflection of the intent of the parties.") (cleaned up).[4]  Given Branca's consent, the District Court properly entered summary judgment in favor of Target on all claims.  See, e.g., 42 Pa. Cons. Stat. § 8316 (providing a cause of action where a person's name or likeness is used "without [his] written consent").

Branca has argued that this interpretation renders the "Term" of the contract meaningless surplusage, as that section contained an unchecked option of "Unlimited Time/In Perpetuity."  Appellant's Br. at 6; S.A. at 3.  But that argument fails because an "unlimited time" contract would have allowed Target to continue placing images on display in perpetuity, whereas the "Term" of Branca's contract, read in conjunction with the "For Models" clause, prohibits Target from placing images on display after the term. See Appellees' Br. at 8.  The limited conduct that Branca consented to after the term

_____

[3] The District Court accurately quoted this provision in its entirety at the outset of its opinion.  In conducting the routine judicial exercise of later quoting relevant portions of the provision in its analysis, the District Court was not "rewriting the provision" as Branca argues in his brief.  Appellant's Br. at 8.

[4] In light of this conclusion, like the District Court, we do not reach alternative arguments about whether this provision should be interpreted instead as an exculpatory clause.  Nor do we consider Branca's various arguments that depend on a conclusion that the contract language is ambiguous.  See, e.g., Appellant's Br. at 9; see also Commonwealth by Shapiro, 208 A.3d at 909.

encompasses the conduct that Target engaged in here: leaving on display images that had been placed during the contract term.[5]

Accordingly, we will affirm.

---

[5] We note that the record undermines Branca's contentions that Target intended to leave his image on display in perpetuity, as Target's October 2023 email directing its stores not to set Branca's image also directed the stores to remove Branca's image from any displays where it was still set.